UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                               Criminal Case No. 18-30179

Christopher Choate,

                                              Sean F. Cox
    Defendant.                    United States District Court Judge

_____/

## OPINION AND ORDER REVERSING 4/2/18 ORDER SETTING CONDITIONS OF RELEASE AND DETAINING DEFENDANT PENDING TRIAL

This matter is before the Court on the Government's appeal of Magistrate Judge Mona K. Majzoub's release order. The parties appeared before the Court for a hearing on April 3 and April 5, 2018. For the reasons below, the Court finds that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community. Thus, the Court orders that Defendant shall be detained pending trial.

## BACKGROUND

Defendant Christopher Choate has been charged in a criminal complaint with one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Doc. # 1). The complaint states that on February 3, 2018, Ecorse Police Department received a call about a man with a gun at a bar. The suspect was described as a white male with a beard and a red hat. The suspect had been involved in a fight inside the bar and, when he was removed, he allegedly fired a gunshot outside.

When the officers arrived, they observed Defendant, who matched the description provided, walking in the parking lot with a white female. The officers approached the two and

ordered them to the ground. As they detained Defendant, the officers discovered a handgun holster on the ground underneath him. They then retraced Defendant's steps through the parking lot and discovered a loaded handgun with an obliterated serial number resting beneath a vehicle. Near the rear of the bar, the officers also discovered a spent bullet casing matching the bullets in the chamber of the recovered handgun.

For this incident, Defendant was initially charged in state court with carrying a concealed weapon and reckless discharge of a firearm. But these charges were eventually dismissed without prejudice by the prosecutor on February 20, 2018, the date set for the preliminary examination, because some witnesses were not present.

One month later, a criminal complaint relating to this same conduct was issued in federal court. Based on the complaint, Magistrate Judge Elizabeth A. Stafford issued a warrant for Defendant's arrest (Doc. # 2). After his arrest, Defendant was temporarily detained and a detention hearing was set for April 2, 2018 before Magistrate Judge Majzoub. Pretrial services recommended that Defendant be detained pending trial.

At the hearing before Magistrate Judge Majzoub, and during the hearings before this Court, the Government has proceeded largely by proffer. It also introduced an exhibit, which the Court has marked as Exhibit 1, containing photographs and messages from a Facebook page belonging to Defendant. The facts, as demonstrated by this exhibit and the Government's proffer, are as follows.

Defendant is a felon, with a prior state conviction for unlawful driving away. Although he was initially sentenced to probation for that conviction, he ultimately spent four years in prison for the offense after his probation was revoked. He is also a known member and leader of

a subgroup of the violent street gang called the Latin Counts. His membership is evidenced by his Facebook page, which contains numerous messages referring to his gang affiliation and his apparent involvement in shootings. Pictures from this page also depict several firearms and ammunition. And on one occasion, Defendant attempted to initiate a purchase of a firearm via Facebook from an unknown seller.

Defendant's involvement with firearms does not stop there. On several occasions within the past year, police officers have encountered Defendant in the presence of firearms. In both June and August of 2017, Defendant was the driver of a vehicle in which a firearm was recovered during a traffic stop. Both times, Defendant's wife claimed the firearms as her own. More recently, during a traffic stop on March 28, 2018, police recovered a firearm from the backseat of Defendant's vehicle. This particular firearm appears to be identical to one that Defendant can be seen holding in a video posted to Facebook.

In addition, after the March 28 stop, officers arrested Defendant on the federal criminal complaint and obtained a search warrant for his residence. In his bedroom, the officers found 26 rounds of 9mm ammunition, which corresponded to the firearm that they had just recovered during the traffic stop. The officers also recovered 18 rounds of .40 caliber ammunition, which corresponded to the firearm recovered during Defendant's arrest in February. Finally, the officers also discovered 3.8 grams of a substance appearing to be cocaine.

Also noteworthy is Defendant's conduct in the weeks prior to his arrest. During this time, Defendant was allegedly involved in two separate violent incidents. On March 14, 2018, a shooting occurred at the home of Bryan Susawitz, a purported enemy of the Latin Counts. Indeed, according to one of Defendant's Facebook posts, one year prior Susawitz and others

"jumped" Defendant and hit him with a metal pole, although it is unclear whether this event motivated the shooting. In any event, during the shooting, bullets struck Susawitz's home and a nearby car. Afterwards, witnesses observed three white males, including Defendant, running away from the scene.

Less than a week later, on March 19, Defendant was allegedly involved in an assault during a robbery in Ecorse. Defendant, along with his wife and others, beat, punched, and kicked a woman for about an hour. Once they finished, they took money from her and left. Defendant was then arrested on the federal complaint only nine days later.

This Court emphasizes that Magistrate Judge Majzoub did not have all of the above information at her disposal during the initial detention hearing. At that time, the Government's proffer did not include information about the search of Defendant's residence or either of the two violent incidents in March. This information was instead included in the Government's proffer before this Court. The Government's exhibit also did not contain all of the photographs and messages from Defendant's Facebook page that were presented to this Court.

After the detention hearing, based on the information presented to her, Magistrate Judge Majzoub ordered that Defendant would be released on a $10,000 unsecured bond with very strict conditions. She imposed several standard conditions, including: home detention, travel restriction to the Eastern District of Michigan, no possession of a firearm, destructive device, or other dangerous weapon, no use or possession of a narcotic drug or controlled substance, drug testing, participation in substance abuse therapy and counseling, and location monitoring. She also imposed the following additional conditions: clear outstanding warrants within 90 days, participation in mental health assessment/treatment, no contact with any individual Defendant

knows to be a felon (except for immediate family members or when in an employment or treatment setting), and removal of all firearms from the home within 48 hours. Finally, she informed Defendant that the conditions would be subject to zero tolerance–any violation would result in revocation of the bond.

Magistrate Judge Majzoub stayed her decision pending the Government's appeal. The Court held a hearing on the appeal on April 3, 2018 and April 5, 2018.

## ANALYSIS

Under 18 U.S.C. § 3145(a)(1), the Government may seek review of a magistrate judge's release order. The Court reviews the appeal *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no condition or combination of conditions exists that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person the community that would be posed by Defendant's release.

*Nature and Circumstances of the Charge*. The charge against Defendant–felon in

possession of a firearm–is a serious one. *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (observing that felon in possession is a serious offense). And this seriousness is exacerbated by the circumstances underlying the charge; the complaint alleges that Defendant was involved in an altercation inside a bar and that, when he was removed, he discharged a weapon outside, thereby posing an even greater danger to the public. Thus, this factor weighs in favor of detention.

*Nature and Seriousness of the Danger Posed by Defendant's Release.* The additional information proffered to this Court indicates that Defendant's release would pose a very serious danger to the community. Despite being a felon, Defendant has repeatedly carried or been around firearms and, according to the proffer, has no qualms about putting them to use. This, along with Defendant's recent activities, gives the Court grave concerns that Defendant's violent course of conduct would continue if he were released on bond.

*Weight of the Evidence Against Defendant.* The weight of the evidence of Defendant's dangerousness is substantial. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). The proffer indicates that Defendant is affiliated with a violent street gang, an allegation supported by the alarming content of his Facebook posts. And Defendant has the means available to commit serious violence, as evidenced by the search of his residence that yielded ammunition matching two different firearms, both of which Defendant has had on or about his person while in public.

*Defendant's History and Characteristics.* Finally, the Court has carefully considered Defendant's history and characteristics. The Court acknowledges that Defendant is currently employed and has indicated that he can continue with his employment if released on bond. He is

also married and appears to have a stable residence and close family ties within this jurisdiction. But although these considerations weigh in his favor, they are outweighed by several red flags. Defendant has one felony conviction on his record and has previously been arrested for other felony offenses. Despite his status as a felon, Defendant has sought out and obtained firearms. He also has a history of failing to comply with court orders; he evidently violated the terms of his probation in his previous felony case, resulting in a prolonged term of incarceration, and he has three outstanding warrants for his failure to appear in court for various traffic offenses. Finally, the Court has concerns about Defendant's substance abuse and mental health, as he reported to pretrial services that he uses marijuana daily and that he was diagnosed with depression and bipolar disorder as a child. Thus, this factor weighs in favor of detention.

Weighing the above factors and all of the circumstances, including the additional evidence not presented to Magistrate Judge Majzoub, the Court finds that the Government has met its burden to establish that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and the safety of the community.

## CONCLUSION AND ORDER

For the reasons above, the Court shall REVERSE Magistrate Judge Majzoub's April 2, 2018 Order Setting Conditions of Release. The Court hereby ORDERS that Defendant shall be detained in the custody of the United States Marshal pending trial.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 6, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 6, 2018, by electronic and/or ordinary mail.

                                              s/Julie Owens acting in the absence of Jennifer McCoy
                                              Case Manager